Matter of Blanca Realty LLC v New York City Dept. of Bldgs. (2025 NY Slip Op 06126)

Matter of Blanca Realty LLC v New York City Dept. of Bldgs.

2025 NY Slip Op 06126

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Moulton, J.P., Gesmer, Rodriguez, Higgitt, Michael, JJ. 

Index No. 154316/22|Appeal No. 5115|Case No. 2024-05218|

[*1]In the Matter of Blanca Realty LLC, et al., Petitioners,
v
New York City Department of Buildings, et al., Respondents.

Michael P. Lagnado, New York, for petitioners.
Muriel Goode-Trufant, Corporation Counsel, New York ( Karin Wolfe of counsel), for respondents.

Determination of respondent New York City Office of Administrative Trials and Hearings (OATH), dated January 27, 2022, which affirmed three decisions, one of which is dated April 23, 2021 and two of which are dated April 27, 2021, by a Hearing Officer, sustaining three violations of the New York City Building Code (Administrative Code of City of NY, title 28, ch 7) and imposing a $35,000 penalty for each summons issued to petitioners by the New York City Department of Buildings (DOB), unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [Arlene P. Bluth, J.], entered March 8, 2024), dismissed, without costs.
On December 26, 2019, DOB issued summonses alleging that a two-bedroom apartment in the building located at 562 West 164th Street was illegally subdivided to include three single room occupancies (SROs). As relevant to this proceeding, the DOB issued three summonses — one for each SRO — for illegal conversion of a dwelling under Administrative Code §§ 28-210.1 and 28-202.1. According to the affidavits of service, each summons was served by affixing a copy to the front door of the apartment. Furthermore, according to DOB records, each summons was separately mailed to petitioner Blanca Realty, LLC's address on file with the New York Departments of Finance and Housing Preservation and Development.
Substantial evidence supports respondents' conclusion that an inspector for the DOB made a reasonable attempt at personal service before effectuating service by other means (see Matter of Mestecky v City of New York, 30 NY3d 239, 242, 246 [2017]). The affidavits of service, as well as the issuing inspector's testimony at the OATH hearing, amply support the Hearing Officer's determination that the inspector spoke with a tenant, who informed him that the owner did not live in the building, before resorting to affix and mail service as provided for in the New York City Charter (New York City Charter § 1049-a[d][2][a][ii], [d][2][b]).
Contrary to their contention otherwise, petitioners were properly issued three separate summonses for each one of the three SROs, the inspector's testimony at the hearing established that he saw at least three SROs in the apartment unit, and this evidence is sufficient to support a finding that three illegal dwellings were created in the apartment. Each illegal conversion is properly considered a separate violation, as the Administrative Code provides, "[e]ach dwelling unit above the number that is legally authorized by the certificate of occupancy . . . shall constitute a separate offense that shall be charged separately and shall by punishable by a separate civil penalty" (Administrative Code of City of NY § 28-202.1[9.1]). Furthermore, the violations were properly classified as "immediately hazardous" conditions (Administrative Code § 28-201.2.1),
The penalties assessed are legal under Administrative Code § 28-202.1. Furthermore, we find that the total penalty of $105,000 for all three violations, representing the standard base penalty of $15,000 and $1,000 per day until the violation is corrected, does not shock the conscience (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 237 [1974]).
We have considered petitioners' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 6, 2025